Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Tel: 818-907-2133
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Francisco J. Torres

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. TORRES,<br><br>       Plaintiff,<br><br>   vs.<br><br>MACY'S CORPORATE SERVICES, INC.,<br><br>       Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Francisco J. Torres ("Plaintiff"), through his attorneys, alleges the following against Defendant, Macy's Corporate Services, Inc. ("Defendant").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisction is established.

## PARTIES

5. Plaintiff is a natural person residing in San Jose, Santa Clara County, California.

6. Plaintiff is a consumer as defined by *Cal. Civ. Code § 1788.2(h)*.

7. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

8. Defendant is a department store with its principle place of business located in Cincinnati, Ohio. Macy's can be served through its registered agent CSC Lawyer's Incorporating Service located at 2710 Gateway Oaks Drive Suite 150N Sacramento, CA 95833.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

*//*

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff.

11. On or about October 26, 2014, Defendant began placing calls to Plaintiff's cellular phone number 408-661-2046, in an attempt to collect an alleged debt.

12. The calls came from (513) 754-9841, (727) 556-5492, (800) 782-7756, (513) 573-8717, (727) 556-5772, (513)573-8028, (513) 573-8038, (513) 754-9852, (727) 556-7300, (513) 573-8739 and (513) 754-9837; upon information and belief these numbers are owned or operated by Defendant.

13. On or around November 25, 2014 Plaintiff answered a collection call from Defendant from telephone number (800) 782-7756; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

14. Defendant informed Plaintiff that it was attempting to collect a debt.

15. Plaintiff instructed Defendant that he did not have any money and asked Defendant not to contact him any further.

16. Between December 1, 2014 and January 15, 2015, Defendant proceeded to call Plaintiff on his cellular phone approximately 128 times from telephone numbers (513) 573-8717, (727) 556-5772, (513)573-8028, (513) 573-8038, 513-754-9841 and (513) 754-9852.

17. On or about January 15, 2015, Plaintiff answered a second call from Defendant on his cellular phone. The call came from Defendant from phone number (513) 754-9852; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

18. Plaintiff once again instructed Defendant that he did not have any money to pay and asked Defendant not contact him any further.
19. Between January 29, 2015 and February 20, 2015 there were approximately 36 additional calls made to Plaintiffs cell phone by Defendant.
20. Defendant routinely contacted Plaintiff numerous times throughout the day even after he revoked consent to be called on his cellular phone.
21. As an example, Defendant contacted Plaintiff six (6) times on December 23, 2014; at 8:06 a.m., 9:09 a.m., 10:56 a.m., 1:13 p.m., 2:21p.m. and 3:03 p.m.
22. Defendant was so brazen as to call Plaintiff three times on Christmas Eve.
23. Upon information and belief, approximately 250 calls were made by the Defendant to the Plaintiffs cellular phone.
24. Upon information and belief, approximately 200 calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

## COUNT I
**(Violations of the TCPA, 47 U.S.C. § 227)**

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
26. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)  Within four years prior to the filing of this action, on multiple occasions,  Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than  a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or

prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

28. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

  (c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

29. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff, Francisco J. Torres, respectfully requests judgment be entered against Defendant, Macy's, Inc., for the following:

  A. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

  B. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

  C. Any other relief that this Honorable Court deems appropriate.

//

COMPLAINT AND DEMAND FOR JURY TRIAL
- 6 -

1 | RESPECTFULLY SUBMITTED,

2 | Dated: October 23, 2015        By:*/s/ Stuart Price*
3 |                                    Stuart Price, Esq.
  |                                    15760 Ventura Boulevard,
4 |                                    Suite 1100
  |                                    Encino, CA 91436
5 |                                    Tel: 818-907-2133
  |                                    Stuart@pricelawgroup.com
6 |                                    Attorney for Plaintiff,
  |                                    Francisco J. Torres